# *EXHIBIT A*

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/Pages/efiling.

## STATE OF MICHIGAN

### IN THE 6TH CIRCUIT COURT FOR OAKLAND COUNTY

| | |
|---|---|
| **GEORGINA WILLIAMS,** | 2018-165415-NO |
| Plaintiff, | Case No. 18-_____-NO |
| v | JUDGE MARTHA D. ANDERSON |
| **OUTBACK STEAKHOUSE OF FLORIDA, LLC,** | The Honorable |
| Defendant. | |

**NEUMANN LAW GROUP**
**STEVEN A. LEE (P77013)**
**CHRISTOPHER K. COOKE (P35034)**
**ATTORNEY FOR PLAINTIFF**
300 E. FRONT ST., STE. 445
TRAVERSE CITY, MI 49684
(231) 221-0050
steve@neumannlawgroup.com
chris@neumannlawgroup.com

## COMPLAINT AND JURY DEMAND

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this complaint.*

### COMPLAINT

NOW COMES the Plaintiff Georgina Williams, by and through her attorneys of record, Neumann Law Group, and for her Complaint against Defendant states as follows:

1. That the Plaintiff, Georgina Williams, is a resident of Murrieta, County of Riverside, State of California.

1

2. Defendant Outback Steakhouse of Florida, LLC is a foreign corporation which maintains its principal place of business in Florida and is licensed to conduct business in the County of Oakland, State of Michigan.

3. That venue is proper in Oakland County, Michigan.

4. That on or about February 19, 2017, Plaintiff Georgina Williams was a business invitee upon the premises of the Defendant's restaurant located at 23501 Greenfield Road, Southfield, Michigan.

5. That as the Plaintiff was walking to her table, she slipped and fell on an overly-waxed and slippery floor, which was neither open, obvious or visible to Mrs. Williams or other patrons.

6. That after the fall, Monica Smith, Manager of Defendant Outback Steakhouse of Florida, LLC stated and admitted that the floor was very slippery.

7. That after Plaintiff fell, Defendant's Manager, Monica Smith, took Plaintiff's name, viewed Plaintiff's driver's license and prepared an incident report, but refused to provide a copy of the incident report to Plaintiff, or even to show the incident report to the Plaintiff.

8. That the Defendant has had longstanding, actual and constructive knowledge and notice of the fact that other patrons had encountered problems of unreasonably dangerous and slippery overly-waxed floors at the subject location where Mrs. Williams fell, and on the floors of Defendant's other franchised Outback restaurants in Michigan, including but not limited to:

- Injuries incurred by Marjorie Sue Tuck (Tuck v Outback Steakhouse of Florida, Inc., (corporate predecessor to Defendant Outback Steakhouse of Florida, LLC)

2

2007 U.S. Dist. LEXIS 4935) in a slip and fall which occurred on December 31, 2003;

- injuries incurred by a pregnant woman who slipped and fell on January 7, 2016 at the subject Defendant's place of business at 23501 Greenfield Road, Southfield, Michigan, injuring the back of her head, back, coccyx and the right side of her abdomen;

- injuries incurred by a Mrs. Treglowne (Treglowne v Outback Steakhouse of Florida, Inc., Michigan Lawyers Weekly, September 21, 1998) in a slip and fall which occurred on March 10, 1998;

- injuries incurred by Stella Poulos (Poulos v. Outback Steakhouse of Florida, Inc., 2008 U.S. Dist. LEXIS 61594) in a slip and fall which occurred on May 28, 2006;

and that there have been multiple other prior complaints to the Management of Defendant's restaurants about slippery floors before the occurrence involving Plaintiff.

9. That it was then and there the duty of the Defendant to maintain safe premises and to take steps to assure that dangerous and latent conditions did not exist which posed a risk of harm and/or injury to the Plaintiff as a business invitee.

10. That notwithstanding its duties as hereinbefore narrated, Defendant was guilty of one or more of the following negligent acts and/or omissions:

(a) Negligently and recklessly failing to maintain safe premises by over waxing a floor in a main area of customer traffic, posing a risk of harm and injury to Georgina Williams;

(b) Negligently and recklessly failing to place cones or other warning and/or devices on the floor to alert patrons that the floor was overly waxed and slippery;

(c)  Negligently and recklessly failing to immediately call in custodial personnel to strip the floor and/or take steps to assure that its overly waxed status did not pose a risk of harm and/or injury to the Plaintiff;

(d)  Negligently and recklessly failing to have staff warn and advise their patrons, business invitees and Plaintiff, before Plaintiff fell and was injured, that the subject floor owned by Defendant was slippery.

11.  That as a direct and proximate result of the negligence of the Defendant as described above, Plaintiff Georgina Williams slipped and fell, fracturing her right shoulder and sustaining other injuries. Plaintiff has been caused to expend and/or expend on her behalf, large sums of money for medical and hospital care and treatment and may be required to do so in the future. That the Plaintiff has sustained periods of disability in the past after this accident and may likewise be required to do so in the future. Plaintiff has been caused to suffer from extreme physical pain and suffering as well as mental and emotional distress.

## Count I – Premises Liability

12.  Plaintiff incorporates the allegations as set forth in paragraphs 1-11 as though fully restated herein.

13.  On February 19, 2017, Plaintiff was a guest at the Outback Steakhouse located in Southfield, Michigan.

14.  As Plaintiff was escorted to her table by the hostess, she slipped on the restaurant floor, falling on her right shoulder, right elbow and right hip.

15.  The slipperiness of the floor was neither open, obvious or visible to Plaintiff or other patrons.

16. Plaintiff suffered a fractured and injured right shoulder with painful tearing, bruising and swelling in her shoulder, elbow and hip.

17. Plaintiff was an invitee on Defendant's premises.

18. Defendant owed Plaintiff the common law duty of due care of an invitee, including but not limited to:

  a. The duty to maintain the premises in a reasonably safe condition;

  b. The duty to warn invitees of dangers Defendant knows of, should know of, or has created;

  c. The duty to inspect the premises to discover possible dangerous conditions;

  d. The duty to use ordinary care to protect an invitee from risks of harm from a condition on the premises.

19. Defendant breached said duties of care in, but not limited to, the following particulars:

  a. Not maintaining its flooring in a safe condition.

  b. Not warning its invitees or properly equipping them with crucial information necessary to their safety.

  c. Not inspecting the premises to ensure that it was free and clear of dangerous defects; and

  d. Not properly training or overseeing the methods used by its employees in the proper use of flooring cleaning supplies and practices.

20. Defendant knew, or in the exercise of ordinary care should have known, that the possibility of invitees becoming injured on its floor was likely without proper training or oversight of its employees.

5

21. As a direct and proximate result of Defendant's breach of the aforementioned duties of care, Plaintiff was injured in, but not limited to, the following particulars:

   a. Fractured Right Shoulder;
   b. Massive Rotator Cuff Tear;
   c. Complete Rupture of the Intra-Articular Biceps Tendon;
   d. Surgery on Right Shoulder;
   e. Extensive Physical Therapy and Rehabilitation;
   f. Muscle Weakness;
   g. Muscle Swelling;
   h. Acute Pain;
   i. Decreased Mobility;
   j. Bruising/Contusions;
   k. Painful Range of Motion
   l. Trauma to Shoulder, Neck, Hip and Back;
   m. Difficulty Initiating Sleep;
   n. Headaches;
   o. Nausea;
   p. Nocturnal Waking;
   q. Nocturnal Pain;
   r. General Weakness;
   s. Past, present, and future medical treatment;
   t. Psychological harm and injury;
   u. Loss of the enjoyment of life.

## Count II – Negligence

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1-21 herein.

23. Defendant Outback Steakhouse of Florida, LLC owed the Plaintiff herein the duty of due and reasonable care, in keeping the premises in a safe and habitable condition.

24. Defendant breached their duty of care to Plaintiff in not maintaining its flooring in a safe condition.

25. On February 19, 2017, Plaintiff Georgina Williams was a business invitee of Defendant Outback Steakhouse of Florida, LLC at the franchise location of 23501 Greenfield Road, Southfield, Michigan.

26. On February 19, 2017, as Plaintiff was being led to a table at Defendant's restaurant, she slipped on the overly waxed and slippery floor, falling on her right shoulder, right elbow and right hip.

27. Defendant breached its duty of care to Plaintiff in failing to keep the premises in a safe condition after having actual and/or constructive knowledge of the existence of the hazard and the need to make necessary safety revisions.

28. Because of Defendant's breach of their duties, Plaintiff suffered harm and damages, which are included, but limited to the aforementioned injuries listed in paragraph number 21.

### Count III – Nuisance

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1-28 herein.

30. That the direct and proximate cause of Plaintiff Georgina Williams' injuries was the treacherous, slippery, unsafe and overly waxed floor, which was created and maintained by Defendant, and which unreasonably exposed invitees/customers such as Georgina Williams to an unreasonable risk of danger, and which constituted a nuisance.

31. That as the direct and proximate result of the aforesaid nuisance, Plaintiff Georgina Williams was caused to suffer and sustain the severe and substantial injuries herein before set forth with particularity in paragraph 21.

32. That the damages attributable to the aforesaid injuries far exceed the sum of twenty-five thousand dollars ($25,000.00)

**WHEREFORE**, Plaintiff asks the Court to award her damages against Defendant in whatever amount Plaintiff is found to be entitled to in excess of $25,000.00, plus interest, costs, attorney fees, and any other amount that is equitable.

Dated: April 30, 2018

NEUMANN LAW GROUP

By: _____
Steve A. Lee (P77013)
Christopher K. Cooke (P35034)
Attorneys for Plaintiff
300 E. Front St., Ste. 445
Traverse City, MI 49684
(231) 221-0500

## JURY DEMAND

Plaintiff Georgina Williams demands a jury trial.

Dated: April 30, 2018

By:

NEUMANN LAW GROUP

Steve A. Lee (P77013)
Christopher K. Cooke (P35034)
Attorneys for Plaintiff
300 E. Front St., Ste. 445
Traverse City, MI 49684
(231) 221-0500

MAY 0 4 2018