# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

GEORGINA WILLIAMS,

        Plaintiff,

Case No. 2:18-cv-11613
Hon. Stephen J. Murphy, III

v

OUTBACK STEAKHOUSE OF
FLORIDA, LLC,

Oakland County Circuit Court Case
No. 18-165415-NO

**ORAL ARGUMENT REQUESTED**

        Defendant.

| | |
|---|---|
| STEVEN A. LEE (P77013)<br>CHRISTOPHER K. COOKE (P35034)<br>NEUMANN LAW GROUP<br>Attorney for Plaintiff<br>300 E. Front Street, Ste. 445<br>Traverse City, MI  49684<br>(231) 221-0050<br>steve@neumannlawgroup.com<br>chris@neumannlawgroup.com<br>ruth@neumannlawgroup.com | DAVID J. YATES (P49405)<br>ERIC P. CONN (P64500)<br>STEPHANIE B. BURNSTEIN (P78800)<br>SEGAL McCAMBRIDGE SINGER &<br>MAHONEY<br>Attorneys for Defendant<br>39475 Thirteen Mile Road, Suite 203<br>Novi, MI  48377<br>(248) 994-0060   (248) 994-0061 [Fax]<br>dyates@smsm.com   econn@smsm.com<br>sburnstein@smsm.com |

## DEFENDANT OUTBACK STEAKHOUSE OF FLORIDA LLC'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant, Outback Steakhouse of Florida LLC, by and through its attorneys, David J. Yates, Eric P. Conn, Stephanie B. Burnstein and Segal McCambridge Singer & Mahoney, and for its Motion for Summary Judgment states as follows:

1.  This premises liability matter arises out of an alleged slip and fall that occurred on February 19, 2017 in the Outback Steakhouse Restaurant located in Southfield, Michigan. (Exhibit A, Complaint)

2.  Plaintiff claims to have sustained injuries when "she slipped and fell on an overly-waxed and slippery floor" in the subject restaurant. (Exhibit A, Complaint, p. 2)

3.  Plaintiff brought this lawsuit against the Defendant claiming premises liability, negligence and nuisance. (Exhibit A)

4.  Applying substantive Michigan law to the present case, all of Plaintiff's claims fail for various reasons.

5.  First, Plaintiff's claim of premises liability fails as Defendant had no notice of the condition Plaintiff claims caused her to slip and fall.

6.  To establish a claim of premises liability, Plaintiff must be able to prove the premises possessor had actual or constructive notice of the allegedly dangerous condition at issue. *Riddle v. McLouth Steel Prod. Corp.*, 440 Mich App 85, 93, 485 NW2d 676 (1992).

7.  Moreover, where there is no evidence to demonstrate how long a condition has been on the land, the premises owner cannot be found liable for damages. *Whitmore v Sears Roebuck & Company*, 89 Mich App 3; 279 NW2d 318 (1979)

8. There is no admissible evidence in this matter to demonstrate that the Defendants had notice of the alleged condition or how long the alleged condition was present.

9. Defendant's restaurant manager testified that the restaurant does not "wax" its floors. (Exhibit C, Deposition of Toriano Vancobb)

10. As such, Plaintiff's allegation that the floors were "overly-waxed" fails.

11. Additionally, Plaintiff testified that until her fall, she had no issues walking on the floor of the restaurant in her heels. (Exhibit B, Deposition of Plaintiff, p. 36)

12. Furthermore, Plaintiff testified that she saw no other employees or customers fall during her visit at the restaurant. (Exhibit B, p. 37-38)

13. Plaintiff additionally claimed that it was simply the floor itself that caused her to fall with no substance present on the floor. (Exhibit B, p. 38)

14. Plaintiff further admitted that she was unaware if any of the employees of the restaurant had notice that the floor was slippery prior to her fall and was further aware of how long the floor had been slippery prior to her fall. (Exhibit B, p. 41-42)

15. The members of Plaintiff's party and the Defendant's restaurant manager further confirmed that there was no difference between the lobby floor, where Plaintiff had no issues walking, and the dining room floor where Plaintiff's

3

fall occurred. (Exhibit C, Deposition of Toriano Vancobb, p. 19-20; Exhibit D, Deposition of Doreen Aye, p. 11; Exhibit G, Deposition of Pearl Williams, p. 10)

16.Members of Plaintiff's party also denied having any difficulty walking on the floor where Plaintiff's fall occurred. (Exhibit D, Deposition of Doreen Aye, p. 12, 13; Exhibit G, Deposition of Pearl Williams, p. 11)

17.Members of Plaintiff's party also were unable to state whether the restaurant was aware that the floor was "slippery" prior to Plaintiff's fall. (Exhibit D, Deposition of Doreen Aye, p. 14; Exhibit E, Deposition of Rhoda Griffin, p. 18; Exhibit F, Deposition of Carol Robinson, p. 12)

18.Additionally, no one in Plaintiff's party slipped or fell despite walking on the same allegedly "slippery" floor. (Exhibit D, Deposition of Doreen Aye, p. 12, 13; Exhibit E, Deposition of Rhoda Griffin, p. 16; Exhibit F, Deposition of Carol Robinson, p. 11, 13; Exhibit G, Deposition of Pearl Williams, p. 11)

19.Monica Smith, the restaurant manager on duty at the time of the incident, testified that she had received no prior complaints of slips or falls due to the "slipperiness" of the floor. (Exhibit H, Deposition of Monica Smith, p. 65; 82; 83)

20.Toriano Vancobb, the managing partner of the restaurant further confirmed that the floor of the restaurant had not been changed or remodeled in any way since 2011 or 2012. (Exhibit C, p. 18)

21. Mr. Vancobb also confirmed that, until Plaintiff's fall, he had received no prior complaints about the restaurant floor being slippery. (Exhibit C, p. 44, 53-54)

22. A host on duty at the time of the incident, Myles Jones, also confirmed that he had received no complaints that the floor of the restaurant being slippery prior to Plaintiff's fall. (Exhibit I, Deposition of Myles Jones, p. 7-8)

23. As such, not only is there no evidence that the restaurant floor was slippery, there certainly is no evidence that the Defendant had notice that the floor was slippery as Plaintiff alleges in her complaint, and thus her complaint must be dismissed.

24. Additionally, as Plaintiff has retained **no experts** to opine as to the slipperiness of the floor or the alleged reason for same, Plaintiff's claim is based on pure improper speculation as she is unable to identify the cause of her fall. (Exhibit J, Plaintiff's Expert Witness List; Exhibit K, Plaintiff's discovery responses, p. 6)

25. Michigan law and the Federal Rules of Evidence precludes the Plaintiffs from offering speculative evidence that is unfounded in factual support. FRE 602; *Skinner v Square D Co.*, 445 Mich 153 (1994).

26. As Plaintiff has been unable to identify the reason for her slip and fall beyond mere speculation unsupported by the evidence, summary judgment must be granted in favor of the Defendant.

27.Furthermore, Plaintiff has alleged improper counts of negligence and nuisance against the Defendant. However, these claims similarly fail and must be dismissed.

28.With regard to Plaintiff's claim of negligence, as the Plaintiff's injury arises out of an alleged condition present on the Defendant's property, Plaintiff's claim is clearly one based upon premises liability. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597 (2000).

29.Furthermore, Plaintiff cannot couch a premises liability claim as one for negligence as it is improper. Indeed, "[t]his Court is not bound by a party's choice of labels for his or her action because this would put form over substance." *Kostyu v Department of Treasury*, 170 Mich App. 123, 129; 427 NW2d 566 (1988). Also, allowing Plaintiff to frame their theory through mislabeling would improperly enable her to avoid dismissal through artful pleading. *Norris v Lincoln Park Police Officers*, 292 Mich App. 574; 808 NW2d 578 (2011).

30.Therefore, this Honorable Court must examine the essence of the Plaintiff's cause of action by looking "beyond the procedural labels in the complaint and determine the exact nature of the claim." *Norris*, supra, citing, *MacDonald v Barbarotto*, 161 Mich App 542; 411 NW2d 747 (1987). Here, all of Plaintiff's allegations deal with an alleged slippery floor in the Defendant's restaurant and thus, amount to nothing more than premises liability averments.

31. Where a plaintiff's injury arises out of a condition present on a defendant's land, the action is one of premises liability and not ordinary negligence, even when the plaintiff alleges that the defendant created the condition. *Buhalis v. Trinity Continuing Care Servs.,* 296 Mich. App. 685; 822 NW2d 254 (2012); *Jahnke v. Allen*, 308 Mich. App. 472; 865 NW2d 49 (2014).

32. Accordingly, the traditional defense of a lack of notice applies to both Plaintiff's claim of premises liability and her improperly named claim of negligence and both claims must be dismissed.

33. Finally, Plaintiff has no admissible evidence to support her claim of nuisance.

34. A public nuisance is an unreasonable interference with a common right enjoyed by the general public. *Wagner v Regency Inn Corp.*, 186 Mich App 158 (1990).

35. There is no evidence that the alleged "slippery floor" that resulted in no other customers or employees slipping and falling created an unreasonable risk of danger or interfered with a common right enjoyed by the general public.

36. As such, summary judgment of Plaintiff's claim of nuisance must be granted.

37. Pursuant to Federal Rule 56, where there is no genuine dispute as to any material fact, summary judgment in favor of the moving party is required.

38. Defendant has requested that Plaintiff concur with the relief requested pursuant to Local Rule 7.1 but Plaintiff declined to do so.

WHEREFORE, the Defendant, Outback Steakhouse of Florida LLC respectfully requests that this Honorable Court grant its motion for summary judgment pursuant to Federal Rule 56, dismiss the Plaintiff's case in its entirety and award any other relief that is appropriate and just under the circumstances.

SEGAL McCAMBRIDGE SINGER & MAHONEY

By: /s/ Stephanie B. Burnstein
DAVID J. YATES (P49405)
ERIC P. CONN (P64500)
STEPHANIE B. BURNSTEIN (P78800)
Attorneys for Defendants
29100 Northwestern Hwy, Suite 240
Southfield, MI 48034
Dated:  May 3, 2019          (248) 994-0060

## **Table of Contents**

Index of Authorities ................................................................. ii

Index of Exhibits ...................................................................... iii

Controlling Authorities ........................................................... iv

Questions Presented ................................................................ v

Introduction ............................................................................ 1

Statement of Facts .................................................................. 2

Standard of Review ................................................................. 4

Argument ................................................................................. 5

    I.  State Substantive Law Applies to the Defendant's
       Motion for Summary Judgment ............................................. 5

    II. Defendants Had No Notice of the "Slippery Floor"
       Plaintiff Alleges Caused Her Fall ........................................... 6

    III.  Plaintiff's Claim is Based on Pure Speculation
       And Not Admissible Evidence, Thus
       Warranting Summary Disposition .......................................... 8

    IV. Plaintiff's Claim of Negligence is Only
       A Premises Liability Claim ...................................................11

    V. Plaintiff's Claim of Nuisance is Unsupported
       By Admissible Evidence ........................................................11

Conclusion & Relief Requested ............................................... .12

## Index of Authorities

**Case Law**

*Anderson v Liberty Lobby, Inc.*, 477 US 242; 106 Sct 2505 (1986)................. 5

*Anderson v Merkel*, 393 Mich 603, 227 NW2d 554 (1975) ............................ 6

*Berryman v K-Mart Corp*, 193 Mich App 88, 483 NW2d 642 (1992)............ 6

*Buhalis v. Trinity Continuing Care Servs.,* 296 Mich. App. 685;
    822 NW2d 254 (2012) ................................................................ 11

*Celotex Corp. v Catrett*, 47 US 317; 106 SCt 2548 (1986) ........................... 4-5

*City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 615 F.3d 496,
    (6th Cir. 2010) ............................................................................... 5

*Gadde v Michigan Consolidated Gas Company*, 377 Mich 117,
    139 NW2d 722 (1966) ...................................................................... 7

*Hampton v Waste Management of Michigan, Inc*, 236 Mich App 598,
    601 NW2d 172 (1999) ...................................................................... 6

*Hobrla v Glass*, 143 Mich App 616, 372 NW2d 630 (1985)...................12

*Howe v. Michigan C.R.P., Co.*, 236 Mich. 577 (1926)......................... 8

*Jahnke v. Allen*, 308 Mich. App. 472; 865 NW2d 49 (2014) ................ 11

*Kaminski v. Grand Trunk W.R. Co.,* 347 Mich. 417(1956) ............................ 9

*Matsushita Electric Indus. Co. v Zenith Radio Corp.*, 475 US 574;
    106 SCt 1348 (1986) ...................................................................... 5

*Quinto v Cross & Peters Co.*, 451 Mich 358, 362 (1996) ........................ 8

*Rupert v. Daggett*, 695 F.3d 417(6th Cir. 2012)................................. 5,6

*Savedoff v. Access Group, Inc.*, 524 F.3d 754 (6th Cir. 2008) ........................ 5

*Skinner v. Square D Company* 445 Mich. 153 (1994)....................... 8, 9, 10

*Suci v Mirsky*, 61 Mich App 398, 232 NW2d 417 (1975) .............................. 6

*Verbabian v S & C Snowplowing Inc*, 249 Mich App 695,
    644 NW2d 779 (2002) .................................................................... 6

*Wagner v. Regency Inn Corp.*, 186 Mich App 158, 463 NW2d 450 (1990).....12

*Wheeler v Shelby Twp.*, 265 Mich App 657 (2005)........................................ 8

*Whitmore v Sears Roebuck & Company*, 89 Mich App 3,
    379 NW2d 318 (1979) ................................................................ 6,7

*Ypsilanti Charter Twp. v Kircher*, 281 Mich App 251, 761 NW2d 761 (2008)..12

**Court Rules**

Fed. R. Civ. P. 56……………………………………………………………….4

## Index of Exhibits

A. Plaintiff's Complaint

B. Deposition of Plaintiff

C. Deposition of Toriano Vancobb

D. Deposition of Doreen Aye

E. Deposition of Rhoda Griffen

F. Deposition of Carol Robinson

G. Deposition of Pearl Williams

H. Deposition of Monica Smith

I. Deposition of Myles Jones

J. Plaintiff's Expert Witness List

K. Plaintiff's Discovery Responses

## Controlling Authorities

In support of its motion for summary judgment, the Defendant relies upon the following, controlling authorities:

Federal Rule of Civil Procedure 56

*Berryman v K Mart Corp.,* 193 Mich App 88; 483 NW2d 642, 646 (1992)

*Buhalis v. Trinity Continuing Care Servs.,* 296 Mich. App. 685; 822 NW2d 254 (2012)

*Skinner v. Square D Company* 445 Mich. 153 (1994)

*Whitmore v Sears Roebuck & Company*, 89 Mich App 3, 379 NW2d 318 (1979)

*Wagner v. Regency Inn Corp*., 186 Mich App 158, 163, 463 NW2d 450 (1990).

## Questions Presented

I.      **Where the Defendant had no notice of the condition Plaintiff alleges caused her fall, is summary judgment required?**

Defendant answers, "Yes."
Plaintiff presumably answers, "No."


II.     **Where the Plaintiff's allegation of the cause of her slip and fall is based on improper speculation unsupported by any admissible evidence, is summary judgment required?**

Defendant answers, "Yes."
Plaintiff presumably answers, "No."


III.    **Where Plaintiff improperly disguised a simple premises liability claim as a separate negligence claim, is summary judgment required?**

Defendant answers, "Yes."
Plaintiff presumably answers, "No."


IV.     **Where Plaintiff's claim of nuisance is unsupported by the evidence, is summary judgment required?**

Defendant answers, "Yes."
Plaintiff presumably answers, "No."

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

GEORGINA WILLIAMS,

        Plaintiff,

v

OUTBACK STEAKHOUSE OF
FLORIDA, LLC,

        Defendant.

Case No. 2:18-cv-11613
Hon. Stephen J. Murphy, III

Oakland County Circuit Court Case
No. 18-165415-NO

| | |
|---|---|
| STEVEN A. LEE (P77013) | DAVID J. YATES (P49405) |
| CHRISTOPHER K. COOKE (P35034) | ERIC P. CONN (P64500) |
| NEUMANN LAW GROUP | STEPHANIE B. BURNSTEIN (P78800) |
| Attorney for Plaintiff | SEGAL McCAMBRIDGE SINGER & |
| 300 E. Front Street, Ste. 445 | MAHONEY |
| Traverse City, MI 49684 | Attorneys for Defendant |
| (231) 221-0050 | 39475 Thirteen Mile Road, Suite 203 |
| steve@neumannlawgroup.com | Novi, MI 48377 |
| chris@neumannlawgroup.com | (248) 994-0060   (248) 994-0061 [Fax] |
| ruth@neumannlawgroup.com | dyates@smsm.com   econn@smsm.com |
| | sburnstein@smsm.com |

## BRIEF IN SUPPORT OF DEFENDANT OUTBACK STEAKHOUSE OF FLORIDA LLC'S MOTION FOR SUMMARY JUDGMENT

### Introduction

This premises liability matter arises out of a February 19, 2017 incident in which Plaintiff alleges when "she slipped and fell on an overly-waxed and slippery floor" in Outback Steakhouse Restaurant located in Southfield, Michigan. However, Plaintiff's claim fails for a variety of reasons. First and foremost, Plaintiff has not

1

established that the Defendant had notice of the alleged "slippery floor" prior to her fall. In fact, Plaintiff has failed to identity or even allege what caused the floor to be "slippery". Indeed, Plaintiff's entire claim of liability against the Defendant is based on pure, improper speculation and thus, fails. Furthermore, Plaintiff has asserted an improper claim of "negligence" in addition to the premises liability claim, despite the claims being one in the same and both failing due to improper speculation and a lack of notice. Finally, Plaintiff's claim of nuisance is completely without merit or evidentiary support. As such, summary judgment in favor of the Defendant should be granted.

### Statement of Facts

On February 19, 2017, Plaintiff presented to the Outback Steakhouse Restaurant in Southfield, Michigan with her family for dinner. (Exhibit B, Deposition of Plaintiff, p. 32) The party entered the restaurant without incident and waited in the lobby area of the restaurant without incident. (Exhibit B, p. 34) Once a table was ready, the party began to walk to the table. (Exhibit B, p. 34) Plaintiff, who was wearing heels, slipped and fell. (Exhibit B, p. 34) Plaintiff claimed that the "slippery floor" caused her fall. (Exhibit B, p. 38) Plaintiff denied that there was anything on the floor. (Exhibit B, p. 38)

No one else in Plaintiff's party slipped or fell on the allegedly "slippery floor." (Exhibit D, Deposition of Doreen Aye, p. 12, 13; Exhibit E, Deposition of Rhoda

Griffin, p. 16; Exhibit F, Deposition of Carol Robinson, p. 11, 13; Exhibit G, Deposition of Pearl Williams, p. 11) Additionally, several of the members of Plaintiff's party denied that they had **any** trouble walking on the allegedly "slippery floor." (Exhibit D, Deposition of Doreen Aye, p. 12, 13; Exhibit G, Deposition of Pearl Williams, p. 11)

Despite Plaintiff's claim in her complaint that the floors were "overly waxed," Defendant's restaurant manager testified that the restaurant does not even "wax" its floors. (Exhibit C, Deposition of Toriano Vancobb, 25-26) Additionally, Plaintiff has provided no evidence that the Defendant was aware of any allegedly "slippery floor" prior to her fall. In fact, Plaintiff admitted that she was unaware if any of the employees of the restaurant had notice that the floor was slippery prior to her fall and was further aware of how long the floor had been slippery prior to her fall. (Exhibit B, p. 41-42)

Employees of the restaurant confirmed a lack of notice of any allegedly "slippery floor." Monica Smith, the restaurant manager on duty at the time of the incident, testified that she had received no prior complaints of slips or falls due to the "slipperiness" of the floor. (Exhibit H, Deposition of Monica Smith, p. 65; 82; 83) Toriano Vancobb, the managing partner of the restaurant further testified and confirmed that the floor of the restaurant had not been changed or remodeled in any way since 2011 or 2012. (Exhibit C, p. 18) Mr. Vancobb also confirmed that, until

Plaintiff's fall, he had received no complaints about the restaurant floor being slippery. (Exhibit C, p. 44, 53-54) In fact, Mr. Vancobb testified that any slip and falls that occurred at the subject restaurant were not associated with any complaints that the floor itself was slippery:

> Q. Okay. And then, again, I just want to clear up the record here, make sure we have a clear understanding. **Prior to February 2017 when Miss Williams fell, were you aware of any customers complaining that the floors themselves were slippery?**
>
> A. **No.** Not like -- just the occasional -- like I said, the other day a lady came in with stilettoes and it was raining outside. That's more about her shoe choice and the rain than our floors being slippery.
>
> Q. **But, again, nothing before?**
>
> A. **No.**
>
> Q. **And before Miss Williams fell did any employees complain regarding the floor being slippery?**
>
> A. **No.**
>
> (Exhibit C, p. 53, emphasis added)

Finally, Myles Jones, a restaurant host working at the time of the incident, confirmed that he had received no complaints that the floor of the restaurant was slippery prior to Plaintiff's fall. (Exhibit I, Deposition of Myles Jones, p. 7-8)

## Standard of Review

Federal Rule 56 is properly invoked where the movant seeks dismissal based upon an absence of a material question of fact. The moving party has an initial

4

burden of demonstrating that no material question of fact exists. *Celotex Corp. v Catrett*, 47 US 317; 106 SCt 2548 (1986). Where the moving party meets its burden under Rule 56 to demonstrate the lack of a material question of fact, the non-moving party must present specific facts showing that there is a genuine issue for trial. *Matsushita Electric Indus. Co. v Zenith Radio Corp.*, 475 US 574; 106 SCt 1348 (1986). To do so, the non-moving party must produce sufficient evidence upon which a jury could reasonably find for him. *Anderson v Liberty Lobby, Inc.*, 477 US 242; 106 Sct 2505 (1986). A "scintilla of evidence" is insufficient. *Id.*

## Argument

### I. State Substantive Law Applies To The Motion for Summary Judgment

Diversity actions that are brought in Federal Court generally must apply federal procedural rules and the forum state's substantive law. *Rupert v. Daggett*, 695 F.3d 417, 423 (6th Cir. 2012); *City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 615 F.3d 496, 502 (6th Cir. 2010). When applying the substantive law of the forum state, a federal court is bound to "follow the decisions of the state's highest court when that court has addressed the relevant issue." *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008). Even when the highest court has not addressed a substantive issue, a federal court must "anticipate how the relevant state's highest court would rule in the case and are bound by controlling decisions of that court." *Id*. While seemingly apparent, the burden of proof and the elements to sustain a claim

5

of negligence are substantive, such that a federal court must apply Michigan law. *See Rupert*, 695 F.3d at 423.

## II. **Defendants Had No Notice of the "Water" Plaintiff Alleges Caused Her Fall and Thus, Her Claim of Premise Liability Must be Dimissed**

First, Plaintiff's premises liability claim fails as she cannot prove that Defendant had notice of this alleged condition of a "slippery floor" prior to her fall. This Court must consider whether the Defendant had notice of the alleged condition that Plaintiff surmises caused her fall in order for Plaintiff's claim to survive. *Whitmore v Sears Roebuck & Company*, 89 Mich App 3, 379 NW2d 318 (1979), citing *Anderson v Merkel*, 393 Mich 603, 227 NW2d 554 (1975) and *Suci v Mirsky*, 61 Mich App 398, 232 NW2d 417 (1975). Notice may be inferred from evidence that the unsafe condition has existed for a length of time sufficient to have enabled a reasonably careful person to discover it. *Verbabian v S & C Snowplowing Inc*, 249 Mich App 695, 644 NW2d 779 (2002), citing *Hampton v Waste Management of Michigan, Inc*, 236 Mich App 598, 601 NW2d 172 (1999) and *Berryman v K-Mart Corp*, 193 Mich App 88, 483 NW2d 642 (1992).

In *Whitmore*, the plaintiff brought suit as a result of a slip and fall accident that occurred in the defendant's parking lot. The matter went to trial and a jury awarded plaintiff a verdict in the amount of $30,000. Defendant appealed as of right to the Court of Appeals, stating that the plaintiff failed to show that the defendant had actual or constructive notice of the condition.

The Court of Appeals reversed the trial court's entry of judgment in favor of the plaintiff and remanded the case to the trial court for entry of dismissal in favor of the defendant.  In doing so, the Court of Appeals stated, "Where there is no evidence to show that the condition had existed for a considerable time," summary disposition is appropriate. *Whitmore,* supra at 321.  The Court then reviewed the plaintiff's proofs, and noted that the plaintiff did not establish circumstances "such as to take the case out of the realm of conjecture and into the field of legitimate inferences from established facts." *Id.* at 321, citing *Gadde v Michigan Consolidated Gas Company*, 377 Mich 117, 139 NW2d 722 (1966).

Here, Plaintiff does not know how long the condition was present on the floor or if the restaurant was aware that the floor was allegedly slippery prior to her fall. (Exhibit B, p. 41-42) The members of Plaintiff's party also were unable to state whether the restaurant was aware that the floor was "slippery" prior to Plaintiff's fall. (Exhibit D, p. 14; Exhibit E, p. 18; Exhibit F, p. 12) Even more telling, employees of the Defendant have confirmed that they had **no prior complaints of the floor being slippery prior to Plaintiff's fall**. (Exhibit C, p. 44, 53-54; Exhibit H, p. 65, 82-83; Exhibit I, p. 7-8) As such, Plaintiff has produced no evidence of notice.

"Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings,

but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Quinto v Cross & Peters Co.*, 451 Mich 358, 362 (1996).  See also, *Wheeler v Shelby Twp.*, 265 Mich App 657, 663 (2005).  Here, the Plaintiff has no evidence which will show that the alleged condition had been present for a sufficient period of time so as to place the Defendants on notice. Plaintiff has failed to come forth with any evidence that an unsafe condition existed for any discernable amount of time. Consequently, summary judgment is required.

### III.   Plaintiff's Claim is Based on Pure Speculation and not Admissible Evidence, Thus Warranting Summary Disposition

In the alternative, Plaintiff's claim, on its face, must be dismissed because it is based on pure speculation without admissible evidence.  While a plaintiff may show causation circumstantially, the mere happening of an event neither eliminates nor reduces a plaintiff's duty to effectively demonstrate causation. *Skinner v. Square D Company* 445 Mich. 153 (1994), *citing Howe v. Michigan C.R.P., Co.,* 236 Mich. 577, 583 - 584 (1926).  To be adequate, a Plaintiff's circumstantial proof must facilitate reasonable inferences of causation, not mere speculation.  *Id.*  At a minimum, a causation theory must have some basis in established fact.  *Id.*  However, a basis in only slight evidence is not enough.  *Id.*  Nor is it sufficient to submit a causation theory that, while factually supported, is, at best, just as possible as another theory:

8

> As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference. There may be 2 or more plausible explanations as to how an event happened or what produced it; yet, if the evidence is without selective application to any 1 of them, they remain conjectures only. On the other hand, if there is evidence which points to any 1 theory of causation, indicating a logical sequence of cause and effect, then there is a juridical basis for such a determination, notwithstanding the existence of other plausible theories with or without support in the evidence.

*Id. Citing Kaminski v. Grand Trunk W.R. Co.,* 347 Mich. 417, 422 (1956). As such, a plaintiff must present substantively admissible evidence from which a jury may conclude that more likely than not, but for the defendant's conduct that plaintiff's injuries would not have occurred.

In *Skinner*, plaintiff brought a products liability action against a manufacturer, alleging that a defective switch caused the electrocution of plaintiff's decedent. During the discovery phase of that case, plaintiff failed to provide any evidence supporting the theory that the switch had malfunctioned. Upon that basis, the defendant moved for summary disposition pursuant to MCR 2.116(C)(10), claiming plaintiff had failed to remove the case from mere conjecture. The Trial Court granted defendant's motion for summary disposition and plaintiff appealed.

In affirming the Trial Court's grant of summary disposition, the Court of Appeals first found that plaintiff failed to produce any evidence from which a jury could reasonably conclude that their theory of liability was more probable than not.

> Of course, the Plaintiff's offered scenario is a *possibility*.
> However, so are countless others.   As explained above,
> causation theories that are mere possibilities or, at most,
> equally as probable as other theories do not justify denying
> Defendant's Motion for Summary Disposition.

*Id.* (emphasis in original)  Upon that basis, the Court found that plaintiff did not remove this theory of liability from mere conjecture and that summary disposition was properly granted.

Here, Plaintiff has failed to provide admissible evidence as why the floor was, as she claims, "slippery" at the time of her fall. She has failed to provide any expert opinions that the floor itself was in fact slippery. She has also failed to establish that a substance was present on the floor that caused it to be slippery.

Plaintiff's speculative theories of causation (i.e. that the floor itself was simply too slippery) are just as plausible as another, equally possible scenario including that Plaintiff slipped and fell due to the heels she was wearing or simply misstepped. Consequently, even if Plaintiff can arguably create a causation theory (something Defendant believes she cannot do) there are equally plausible theories which prevent Plaintiff from ultimately succeeding in this matter. To rule otherwise would force jury speculation at the time of trial, which is inappropriate under the circumstances. As such, Plaintiff's case is based on pure improper speculation, Defendant respectfully requests summary disposition be granted in its favor.

### IV.   Plaintiff's Claim Of Negligence Is Only A Premises Liability Claim

Although Plaintiff has alleged two separate counts in her complaint of negligence and premises liability, they are in fact one in the same. Where a plaintiff's injury arises out of a condition present on a defendant's land, the action is one of premises liability and nor ordinary negligence, even when the plaintiff alleges that the defendant created the condition. *Buhalis v. Trinity Continuing Care Servs.,* 296 Mich. App. 685; 822 NW2d 254 (2012); *Jahnke v. Allen,* 308 Mich. App. 472; 865 NW2d 49 (2014). As such, Plaintiff's claims of negligence and premises liability, premised on the "slippery floor" present on the Defendant's property, is a claim on premises liability only. Furthermore, Plaintiff has not alleged and there is no admissible evidence to support a separate negligence claim as there was no affirmative conduct on behalf of the Defendant or its employees that led to Plaintiff's alleged injuries. As such, Plaintiff's improper claim of negligence must be dismissed.

### V.   Plaintiff's Claim Of Nuisance is Unsupported by the Evidence

A public nuisance is an unreasonable interference with a common right enjoyed by the general public. The term "unreasonable interference" includes conduct that (1) significantly interferes with the public's health, safety, peace, comfort, or convenience, (2) is proscribed by law, or (3) is known or should have been known by the actor to be of a continuing nature that produces a permanent or

11

long-lasting, significant effect on these rights. *Wagner v. Regency Inn Corp.*, 186 Mich App 158, 163, 463 NW2d 450 (1990).

"[T]he essential element of a nuisance is a wrongful, continuing, impending danger to the lives or health of the public, or to the legitimate property or personal rights of private persons peculiarly subject to the danger.  A condition that is so threatening as to constitute an impending danger to the public welfare is a nuisance." *Ypsilanti Charter Twp. v Kircher*, 281 Mich App 251, 761 NW2d 761 (2008). Additionally, "nuisance is a condition and not an act or failure to act."  *Hobrla v Glass*, 143 Mich App 616, 372 NW2d 630  (1985).

There is no evidence in this matter that supports an allegation that the restaurant floor was a nuisance especially as the restaurant had received no prior complaints that the floor was slippery and as no one else in Plaintiff's party slipped or fell as a result of the floor allegedly being slippery. As such, there is nothing to support this frivolous claim, and the restaurant floor of a busy and successful restaurant cannot be classified as unreasonable interference with a common right enjoyed by the general public. As such, summary judgment must be granted.

## Conclusion and Relief Requested

For the reasons stated in detail above, Plaintiff's claim is barred by binding case law. Plaintiff's premises liability claims (and negligence claims which are one in the same under the law) are barred as they are based on improper speculation and

have no admissible evidence to prove that the Defendant had notice of the alleged condition that caused Plaintiff's fall. Furthermore, Plaintiff's claim of nuisance in unsupported by any admissible evidence.

WHEREFORE, the Defendant respectfully requests that this Honorable Court grant its motion for summary judgment pursuant to Federal Rule 56, dismiss the Plaintiff's case in its entirety and award any other relief that is appropriate and just under the circumstances.

SEGAL McCAMBRIDGE SINGER & MAHONEY

By: /s/ Stephanie B. Burnstein
DAVID J. YATES (P49405)
ERIC P. CONN (P64500)
STEPHANIE B. BURNSTEIN (P78800)
Attorneys for Defendants
39475 Thirteen Mile Road, Suite 203
Novi, MI  48377
(248) 994-0060

Dated:   May 3, 2019

13

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

GEORGINA WILLIAMS,

   Plaintiff,

v

OUTBACK STEAKHOUSE OF
FLORIDA, LLC,

   Defendant.

Case No. 2:18-cv-11613
Hon. Stephen J. Murphy, III

Oakland County Circuit Court Case
No. 18-165415-NO

**ORAL ARGUMENT REQUESTED**

| | |
|---|---|
| STEVEN A. LEE (P77013)<br>CHRISTOPHER K. COOKE (P35034)<br>NEUMANN LAW GROUP<br>Attorney for Plaintiff<br>300 E. Front Street, Ste. 445<br>Traverse City, MI  49684<br>(231) 221-0050<br>steve@neumannlawgroup.com<br>chris@neumannlawgroup.com<br>ruth@neumannlawgroup.com | DAVID J. YATES (P49405)<br>ERIC P. CONN (P64500)<br>STEPHANIE B. BURNSTEIN (P78800)<br>SEGAL McCAMBRIDGE SINGER &<br>MAHONEY<br>Attorneys for Defendant<br>39475 Thirteen Mile Road, Suite 203<br>Novi, MI  48377<br>(248) 994-0060   (248) 994-0061 [Fax]<br>dyates@smsm.com   econn@smsm.com<br>sburnstein@smsm.com |

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served

on the attorneys of record of all parties to the above cause via the Court's electronic

e-filing system on May 3, 2019.

     */s/ Robyn Goldberg*
     Robyn Goldberg

14