UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGINA WILLIAMS,

    Plaintiff,

v.

OUTBACK STEAKHOUSE OF
FLORIDA, LLC,

    Defendant.
                           /

Case No. 2:18-cv-11613

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [28]**

On July 2, 2018, Defendant Outback Steakhouse of Florida, LLC ("Outback") removed Plaintiff Georgina Williams's personal injury complaint from state court. ECF 10. On May 3, 2019, Outback filed a motion for summary judgment. ECF 28. The Court reviewed the briefs and finds that a hearing is unnecessary. E.D. Mich. LR 7.1(f). For the reasons below, the Court will grant Outback's motion for summary judgment.

**BACKGROUND**

On February 19, 2017, Plaintiff went to Outback's Southfield Restaurant with several family members. ECF 29, PgID 379. While being shown to her table, Plaintiff slipped and fell. *Id.* Plaintiff alleged that she fractured her right shoulder and sustained other injuries. ECF 10-1, PgID 57. The restaurant manager, Monica Smith, responded when Plaintiff fell. ECF 29, PgID 380. On April 30, 2018, Plaintiff filed her

1

complaint, which included counts for (1) premises liability, (2) negligence, and (3) nuisance. *See* ECF 10-1, PgID 57–61.

## LEGAL STANDARD

Summary judgment is proper if the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material for purposes of summary judgment if its resolution would establish or refute an "essential element[] of a cause of action or defense asserted by the parties[.]" *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)).

The Court views the facts and "draw[s] all reasonable inferences in the light most favorable to the non-moving party." *Stiles ex rel. D.S. v. Grainger Cty.*, 819 F.3d 834, 848 (6th Cir. 2016) (citation omitted). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). And although the Court may not make credibility judgments or weigh the evidence, *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015), a mere "scintilla" of evidence is insufficient to survive summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff," *Anderson*, 477 U.S. at 252. Finally, "[e]vidence submitted in opposition to a motion for summary judgment must be admissible. Hearsay evidence . . . must be disregarded." *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) (quoting *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir. 1997)).

**DISCUSSION**

The Court will analyze Plaintiff's state-law claims under Michigan law because when "federal jurisdiction is based on diversity . . . the substantive law of the forum state" governs. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 358 (6th Cir. 2013) (citation omitted). The Court will address each of Plaintiff's theories of liability in turn.

I. Premises Liability

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land, if, but only if," the possessor (1) knew of, or through reasonable care would have discovered, the condition, and "should [have] realize[d] that it involve[d] an unreasonable risk of harm" to invitees; (2) should have anticipated that invitees would "not discover or realize the danger, or [would] fail to protect themselves against it;" and (3) failed to exercise reasonable care to protect invitees. *Riddle v. McLouth Steel Prods. Corp.*, 440 Mich. 85, 93 (1992) (quoting Restatement (Second) of Torts § 343 (Am. Law Inst. 1965)). The notice element requires plaintiff to show that a defendant had actual or constructive notice of the condition. *Lowrey v. LMPS & LMPJ, Inc.*, 500 Mich. 1, 10 (2016).

A. *Actual Notice.*

Actual notice requires a defendant to have knowledge of the condition. Plaintiff maintains that Outback had actual notice of the floor's condition. But Plaintiff's argument is flawed for several reasons. First, during her deposition, Plaintiff testified that Smith told her "yes [the floor] is very slippery." ECF 29-1, PgID 408–09. Plaintiff thus concludes that Outback had actual notice of the floor's condition. But Plaintiff's

3

evidence is hearsay and "must be disregarded." *Alpert*, 481 F.3d at 409 (6th Cir. 2007) (citation and quotation omitted).

Second, Smith testified that she did not know the floor was slippery. *See* ECF 29-8, PgID 492 (Smith's deposition indicating that she did not tell Plaintiff and her family that she saw that the floor was slippery); *id.* at 497 (Smith's deposition advising that, in ten years, she had never "personally heard any customers complain that the floors themselves were slippery"). Thus, Outback produced evidence demonstrating that it did not have actual notice of the floor's allegedly slippery condition. And Plaintiff failed to offer admissible evidence to show a genuine dispute of material fact as to Outback's actual notice.

B. *Constructive Notice.*

Constructive notice exists if the condition "is of such a character or has existed a sufficient length of time that" the possessor of land "should have knowledge of it." *Lowrey*, 500 Mich. at 10 (quoting *Carpenter v. Herpolsheimer's Co.*, 278 Mich. 697, 698 (1937)).

Plaintiff could argue[1] that Outback had constructive notice based on (1) Smith's work experience; (2) the experience of Toriano Vancobb, the Southfield restaurant's managing partner; (3) Plaintiff's family's awareness of the condition; and

---

[1] Plaintiff has not made the argument. *See* ECF 29, PgID 384–86. Rather, she conclusorily states that "there is a question of fact for the jury as to the actual and constructive notice of the slippery floor . . . based on" Smith's deposition and the online complaints. *Id.* at 386.

4

(4) complaints made about floors at other Outback restaurants. But the argument would also fail.

First, Smith's deposition does not support a finding of constructive notice. Smith testified at her deposition that during her ten years of working for Outback in Southfield she personally knew of three accidents of customers falling besides Plaintiff's incident. ECF 29-8, PgID 497. One of the three previous accidents involved a customer in new shoes, another involved a customer who lost her balance, and a third happened in the kitchen and not the dining area. *Id.* And none, as far as Smith knew, related to the alleged slippery condition of the floor. *Id.*

Second, Vancobb's deposition does not support a finding of constructive notice. During his deposition, Vancobb testified that a woman had come in "the other day" and complained of slippery floors and that he responded that her high-heeled shoes may have contributed to the issue. ECF 28-3, PgID 265–66; *see also id.* at 268–69. But the event referenced by Vancobb happened *after* Plaintiff's accident and thus cannot be the basis for notice *prior* to her fall.

Third, Plaintiff's family members' depositions do not support a finding of constructive notice. One family member testified that Plaintiff fell because the floor was slippery. *See* ECF 29-4, PgID 437–38. Another explained that, while walking to the booth, she noticed that the floor appeared shiny and oily. ECF 29-5, PgID 448. A third said she did not see Plaintiff slip, but she did see her fall, and that she noticed the floor's slipperiness after Plaintiff's fall. ECF 29-6, PgID 459–60. And the last

5

family member testified that the floor appeared slippery. ECF 29-7, PgID 469. But those witnesses' awareness of the floor's condition cannot be imputed to Outback.

Fourth, Plaintiff avers that Outback's restaurants are identical and that restaurants in other states received online complaints. ECF 29, PgID 381, 386. Plaintiff attached screenshots of online complaints to her response brief. *See* ECF 29-11. The reviews relate to Outback restaurants in Jackson, Tennessee; Sommerville, Massachusetts; Wesley Chapel, Florida; Miami Lakes, Florida; and Hurst, Texas. *See id.* But, if the website reviews are offered to prove the truth that Outback restaurants have slippery floors, they are not admissible. *See* Fed. R. Evid. 801(c); *see also, e.g.*, *Mathew Enterp., Inc. v. Chrysler Grp. LLC*, No. 13-cv-04236-BLF, 2016 WL 11432038, at *2–*3 (N.D. Cal. Sept. 21, 2016) (analyzing the hearsay exclusion as applied to online Yelp! reviews). And none of the complaints demonstrate that Outback had notice that the floors at its Southfield location were slippery prior to Plaintiff's fall.

Regardless, the evidence Plaintiff relies fails to demonstrate aa genuine dispute of material fact that Outback's allegedly slippery floors were "of such a character or ha[d] existed [for] a sufficient length of time" that Outback was constructively notified of the hazard. *See Lowrey*, 500 Mich. at 10. Because Outback lacked notice of the slippery floors, summary judgment in its favor on Plaintiff's premises liability count is appropriate.

II. <u>Negligence</u>

"Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v. Trinity Continuing Care*

6

*Servs.*, 296 Mich. App. 685, 692 (2012) (citing *James v. Alberts*, 464 Mich. 12, 18–19 (2001)). If a "plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id.* (citation omitted). In other words, a tort based on premises liability "addresses an injury that arises from a condition of the land" and a tort based on ordinary negligence "arises from the defendant's activity or conduct." *O'Sullivan v. Greens at Gateway Ass'n*, No. 290126, 2010 WL 3184374, at *2 (Mich. Ct. App. Aug. 12, 2010) (citing *James v. Alberts*, 464 Mich. 12, 18–19 (2001)).

In *Buhalis*, the plaintiff "was injured when she slipped on ice and fell; that is, she alleged that she was injured when she encountered a dangerous condition on [defendant's] premises." *Buhalis*, 296 Mich. App. at 692. Even though the *Buhalis* plaintiff asserted that the defendant's "employees caused the dangerous condition at issue, [the] allegation did not transform the claim into one for ordinary negligence." *Id.* (citation omitted).

In *Jahnke v. Allen*, the plaintiff slipped on removed concrete pavers while walking with the defendant. *Jahnke v. Allen*, 308 Mich. App. 472, 473 (2014). The plaintiff's alleged injury "occurred because of a condition on the land," and her tort theory therefore rested in premises liability. *Id.* at 476. And, even though "defendant may have created the condition on the land, that [did] not transform the premises liability action into one alleging ordinary negligence." *Id.* (citing *Buhalis*, 296 Mich. App. at 692).

7

Here, Plaintiff alleges that her injuries arose because, as she "was walking to her table, she slipped and fell on an overly-waxed and slippery floor." ECF 10-1, PgID 55. In her response brief, Plaintiff argues that "her fall was the result of defective laminate floor being installed and negligent maintenance of the subject floor." ECF 29, PgID 390–91. She continues, "Defendant's actions and inactions" were the "sole cause" of her fall. *Id.* at 391. She then immediately recites the elements of a premises liability action. *See id.*

Plaintiff's allegations rely on a premises liability theory and not an ordinary negligence theory. Like the plaintiffs' injuries in *Buhalis* and *Jahnke*, Plaintiff's alleged injuries arose from a condition on the land—Outback's allegedly slippery floor. *See id.* ("The Defendant used slippery flooring for its restaurant in the subject location . . . and also did not have reliable help to maintain it."). And, even if Outback may have created the condition on the land by failing to properly maintain it, Plaintiff's premises liability action here is not transformed into one of ordinary negligence. Summary judgment in Outback's favor is therefore appropriate on Plaintiff's negligence count.

III. <u>Nuisance</u>

"A public nuisance involves the unreasonable interference with a right common to all members of the general public." *Sholberg v. Truman*, 496 Mich. 1, 6 (2014) (quoting *Adkins v. Thomas Solvent Co.*, 440 Mich. 293, 304 n.8 (1992)). Unreasonable interference includes:

> (1) conduct that significantly interferes with public health, safety, peace, comfort, or convenience; (2) conduct that is [proscribed] by law; [or] (3)

conduct of a continuing nature that produces a permanent or long-lasting effect, and, as the actor knows or has reason to know, has a significant effect on public rights.

*Wagner v. Regency Inn Corp.*, 186 Mich. App. 158, 163 (1990) (citation omitted).

No evidence supports Plaintiff's contention that Outback knew the floor was slippery or that the floor significantly interfered with public health, safety, peace, comfort, or convenience. *See* ECF 29, PgID 393 (Plaintiff's response brief arguing that Smith acknowledged the slippery floor and relying on the online reviews from other stores). Defendant's conduct was in no manner proscribed by law. And Plaintiff does not identify "a common right enjoyed by the general public [that] has been unreasonably interfered with." *Magyar v. Barnes*, No. 299118, 2012 WL 975046, at *3 (Mich. Ct. App. Mar. 22, 2012) (citing *Cloverleaf Car Co. v. Phillips Petroleum Co.*, 213 Mich. App. 186, 190 (1995)). Absent such a right, "there is no basis for [her] claim." *Id.* Further, if the Court did find that the slippery floor was a public nuisance, Plaintiff did not "show harm of a kind different from that suffered by other members of the general public exercising the right common to the general public that was the subject of interference." *Adkins*, 440 Mich. at 306 n.11. Because of these shortcomings, summary judgment in Outback's favor is appropriate.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for summary judgment [28] is **GRANTED**.

The Court will enter judgment separately.

**SO ORDERED**.

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: June 20, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 20, 2019, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager